**MARKOWITZ, et al v. HARLEY.**
No. 1935.
Circuit Court, Dade County, Civil Appeal.
April 17, 1961.

Morton A. Orbach and Jack H. Polan, both of Miami, for appellants.

Walter E. Nottebaum, for appellee.

FRANCIS J. CHRISTIE, Circuit Judge.

This matter came on to be heard before me on appeal from a final judgment in the small claims court.

The appellants, Milton Markowitz and Maury Anderson, were plaintiffs in the trial court and were employed by the appellee, Randall K. Harley, a real estate broker, as real estate salesmen.

The appellants sued the appellee for commissions received by Harley on the sales of real property brought about by the efforts of the appellants, and in accordance with an agreement between appellants and appellee. The commissions on the sales of the real properties were received by the appellee broker after the appellants salesmen had left his employ.

The lower court in its final judgments — the factual situation was the same in each case — recited that "the parties having stipulated that the deposit agreement was obtained during the employment of the plaintiff, but the consummation of the subject transaction was subsequent to the plaintiff's employment with the defendant and while the said plaintiff was registered with a different real estate broker," . . . "and the court being of the opinion that the facts herein as reflected by the allegations of the statement of claim and the above stipulation is within the purview of Florida Statute 475.42(1)(d) . . ."

This court is not in agreement with the lower court's interpretation of section 475.42(1)(d), and therefore finds error in the lower court's final judgment.

The final judgment of the lower court is reversed, and this matter is remanded to the lower court with instructions to enter judgment for the plaintiffs Milton Markowitz and Maury Anderson for the amounts claimed in their respective statements of claim.